```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
TIDE LINE, INC.,
                    Plaintiff,
                                            06 CV 1979 (KMW)
                                                 ORDER
        -against-

EASTRADE COMMODITIES, INC., and
TRANSCLEAR, S.A.,
                    Defendants.
-------------------------------------x
```

WOOD, U.S.D.J.:

By Order dated August 15, 2006, the Court: granted Defendant Transclear, S.A.'s motion to vacate this Court's March 14, 2006, <u>Ex Parte</u> Order for Process of Maritime Attachment, as to Transclear only, granted Tide Line's request for leave to file an Amended Verified Complaint with a new request for an Attachment Order so long as no objections were filed by August 23, 2006; directed that Tide Line file the Amended Verified Complaint with a new request for an Attachment Order by August 25, 2006; and stayed the release of the attached funds pending the issuance of a new Attachment Order in connection with the Amended Verified Complaint and the serving of a new writ of attachment on the bank, so long as the writ of attachment is served by August 30, 2006.  Familiarity with the Court's August 15, 2006, Order ("August 15 Order") is presumed.

On August 23, 2006, Transclear submitted a letter to the

1

Court stating its objections to Tide Line's request for leave to amend its Verified Complaint.  Letter from Transclear to the Court (Aug. 23, 2006) ("Transclear Aug. 23 Letter").  For the reasons stated below, the Court grants Tide Line's request for leave to file an Amended Verified Complaint with a new request for an Attachment Order.

As a first point, Transclear's contention that "[t]he twin purposes of attachment pursuant to Supplemental Rule B, jurisdiction and security, are not met here," Transclear Aug. 23 Letter 2, is exactly the argument Transclear advanced in its motion to vacate, and supporting submissions.  As discussed at length in the Court's August 15 Order, the Court of Appeals for the Second Circuit, in Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., No. 05 Civ. 5385, 2006 WL 2129336, 2006 U.S. App. LEXIS 19302 (2d Cir. July 31, 2006), rejected the position, adopted by several district court decisions, that, in addressing a motion to vacate a maritime attachment, a court should determine whether the attachment is necessary to obtain jurisdiction over a defendant or security for a potential judgment.  The Court will therefore not consider the reiteration of Transclear's argument on this point.[1]

---

[1] Transclear also reiterates its arguments, already made in connection with its motion to vacate the attachment, that "there are both statutory and maritime bars to the attachment at issue," Transclear Aug. 23 Letter 3, and that Aqua Stoli calls into

Transclear also focuses on the discussion, in the August 15 Order, of "a larger issue concerning Tide Line's claim against Transclear -- which, although it does not in and of itself require that the attachment be vacated, poses a problem for the unfolding of this action," August 15 Order 39 - namely, that Tide Line is apparently not seeking to proceed with arbitration against Transclear, and that "Tide Line has provided no support for its position that it may, instead, <u>litigate</u> against Transclear in this Court . . . on the basis of an alter ego theory, as the arbitration proceeds against Eastrade Inc.," <u>id.</u> at 42.  However, it would be premature to find that this issue renders the amendment of the complaint futile: the Court has flagged this problem, but it will need to be further explored.  If the complaint were ultimately dismissed as to Transclear because of this issue, the attachment would be vacated.  Thus, Transclear's claim that its attached funds may be in "permanent limbo," Transclear Aug. 23 Letter 3, is unfounded.

Transclear also makes new arguments as to Tide Line's proposed amended complaint.  Transclear argues that Tide Line's proposed amended complaint does not satisfy the pleading

---

question the holding of <u>Winter Storm Shipping, Ltd. v. TPI</u>, 310 F.3d 263 (2d Cir. 2002), that electronic funds transfers may be subject to maritime attachment, Transclear Aug. 23 Letter 3 n.1. Both of these claims were rejected by the August 15 Order.  <u>See</u> August 15 Order at 20-23.

requirements set forth in Supplemental Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rule E(2)(a)"), which this Court found to apply here, see August 15 Order at 18-19; in addition, Transclear argues that "where, as here, a plaintiff pleads an 'alter ego' theory premised on the commission of a fraud, the fraud allegations that undergird the theory must meet the particularity requirements of FRCP 9(b)."  Transclear Aug. 23 Letter 4.  The latter point mischaracterizes Tide Line's "alter ego" allegations, which are primarily based on domination and control.[2]  Tide Line's proposed amended complaint does contain

---

[2] As discussed at some length in the August 15 Order, see id. at 25-28, under federal law (including federal maritime law), the corporate veil may be pierced only if a corporation was used by another entity or individual to "perpetrate a fraud" or was "so dominated" and its corporate form "disregarded" such that it primarily transacted the other entity's or individual's business. Kirno Hill Corp., 618 F.2d 982, 985 (2d Cir. 1980).  The Court of Appeals for the Second Circuit has enumerated ten factors that would "tend to show that defendant was a dominated corporation," in Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 139 (2d Cir. 1991).  Transclear itself has, in submissions and proceedings in connection with its motion to vacate, characterized Tide Line's allegations – made by Tide Line in its submissions in connection with the motion to vacate the attachment, and incorporated into the proposed amended complaint - as pertaining to domination and control.  See, e.g., Letter from Transclear to the Court 3-4 (Aug. 3, 2006) (arguing that, in their papers and at the oral argument regarding Transclear's motion to vacate, the parties addressed the "ten factors" set forth in Wm. Passalacqua Builders, Inc., and contending that Tide Line has failed to present sufficient evidence as to these ten factors, such that "[t]here simply is no evidence of actual domination here").

one allegation arguably pertaining to fraud – that "[u]pon information and belief, Transclear uses Eastrade Commodities Inc. as 'chartering arm' or 'pass through' entity such that it can insulate itself from creditors relating to its charters," Proposed Amended Verified Complaint (attached to Tide Line's letter to the Court dated July 11, 2006) ¶ 17.  But the rest pertain to Tide Line's claim that Transclear dominates and controls Tide Line.[3]  Thus, to the extent that Transclear argues

---

[3] See, e.g.: "Upon information and belief, Eastrade Commodities Inc. is merely a shell-corporation through which Transclear conducts its business," Proposed Amended Verified Complaint (attached to Tide Line's letter to the Court dated July 11, 2006) ¶ 13; "Transclear operates Eastrade Commodities Inc. as its 'chartering arm,' such that Eastrade has no separate, independent identity from Transclear," id. ¶ 14; "Furthermore, Transclear is the alter ego of Eastrade Commodities Inc. because Transclear dominates and disregards Eastrade Commodities Inc. corporate form to the extent that Transclear is actually carrying on Eastrade Commodities Inc. business and operations as if the same were its own," id. ¶ 15; "Upon information and belief, Eastrade Commodities, Inc. has no corporate existence of its own.  Eastrade Commodities Inc. has no identifiable assets, employees or office in Panama," id. ¶ 18; "Upon information and belief, Transclear makes payments on Eastrade Commodities, Inc.'s behalf where Transclear has absolutely no contractual obligation to Eastrade Commodities Inc.'s creditors; on March 11, 2005, Transclear made a hire payment to Tide Line on behalf of Eastrade Commodities Inc. even though Transclear was not referenced in the charter party, and no evidence of an indemnification agreement has been produced," id. ¶ 21; "In another, independent maritime attachment case against Eastrade, Transclear was caught paying Eastrade Commodities Inc.'s debts once again," id. ¶ 23; "The only person to respond to the Notice of Attachment was Ms. Tina Elliott, who indicated, on the actual facsimile sent to *Eastrade Commodities Inc.*, and [sic] that she spoke on Eastrade Commodities Inc.'s behalf," id.; "No representative of Eastrade Commodities Inc., beside Ms. Elliott, has come forward to

that Tide Line's allegations do not meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, Transclear's argument is inapposite.  Furthermore, the Court finds that the "alter ego" allegations in the Proposed Amended Verified Complaint meet the standard of Supplemental Rule E(2)(a), which requires that, in an action in personam with process of maritime attachment and garnishment, a complaint "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading," Fed. R. Civ. P. Supp. R. E(2)(a).  Transclear argues that some of the proposed allegations do not meet this standard because they are conclusory, see Proposed Amended Complaint ¶¶ 14-15, 28-30[4] –

---

challenge the attachment of Eastrade Commodities Inc.'s funds.  Furthermore, no employee of Eastrade Commodities Inc. can be located or identified," id. ¶ 24; "In addition, even though Transclear had no formal relationship to the LEVANTES A charter, and Eastrade Commodities Inc. was the named charterer, almost all correspondence sent to Tide Line and the charter brokers from the 'charterers' originated from Transclear," id. ¶ 26; and "Transclear performs corporate functions on Eastrade Commodities Inc.'s behalf which should be performed solely by Eastrade Commodities Inc.  Transclear appointed an arbitrator on Eastrade Commodities Inc.'s behalf in a 2001 arbitration in which Transclear itself *was not a party*," id. ¶ 27.

[4] Three of these allegations present alternative claims to the "alter ego" claim – that Transclear and Eastrade Commodities Inc. are "partners and/or are joint venturers," id. ¶ 28, or that they are "affiliated companies" such that one is or soon will be

mirroring the legal standard for piercing the corporate veil rather than providing facts – or assert opinions rather than facts, see id. ¶¶ 19-20.[5] Transclear Aug. 23 Letter 4-5. Taken together as a whole, however, the proposed new allegations "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading," Fed. R. Civ. P. Supp. R. E(2)(a).

Finally, Transclear argues that Tide Line's request for leave to file an amended complaint was made with undue delay, because Tide Line was aware of certain information, contained in

---

holding assets belonging to the other, id. ¶ 29, or that "Transclear is an undisclosed or partially disclosed principal in the charter parties entered into by Eastrade Commodities Inc., such that Transclear is liable for Eastrade Commodities Inc.'s debts related to those transactions," id. ¶ 30.

[5] Transclear also argues that some of Tide Line's amended allegations do not provide support for the "alter ego" claim. Transclear Aug. 23 Letter 5 (citing Proposed Amended Complaint ¶¶ 24-25). The Court has concluded, however, that overall, "[w]ith these proposed amended allegations, Tide Line has shown that it has a prima facie claim against Transclear on the basis of alleged alter ego status," August 15 Order 35-36. Furthermore, the Court will not address Transclear's reiterated argument that Tide Line does not have sufficient evidence to support its "alter ego" claim, see Transclear Aug. 23 Letter 5: as stated in the August 15 Order, "the Court must not decide, at this point, whether Tide Line has advanced sufficient evidence to support [its alter ego] claim, or whether Transclear has rebutted such evidence through its own submissions." August 15 Order 36 n.25.

some of the new allegations, at the time that the original complaint was filed in March 2006.  Transclear Aug. 23 Letter 5-6.  Although it appears that Tide Line could have included some of the new allegations in its original complaint, and could have filed its request for leave to file an amended complaint earlier than July 11, 2006, the Court finds that Tide Line's timing does not rise to "undue delay" in this case such that Tide Line should be barred from filing an amended complaint.

Therefore, the Court grants Tide Line's request for leave to file an Amended Verified Complaint.  Tide Line filed an Amended Verified Complaint on August 21, 2006, but did so prematurely; Tide Line shall withdraw it and refile it, with a new request for an Attachment Order and supporting affidavit, by August 29, 2006.  The release of the attached funds is stayed pending the issuance of a new Attachment Order in connection with the Amended Verified Complaint and the serving of a new writ of attachment on the bank, so long as the writ of attachment is served by August 31, 2006.

SO ORDERED.

Dated:   New York, New York
         August 25, 2006

_____
Kimba M. Wood
United States District Judge